IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH GRIFFIN,

                Petitioner,

v.

SHERIFF KALVIN BARRETT,

                Respondent.

OPINION and ORDER

25-cv-200-jdp

---

Petitioner Keith Griffin, proceeding without counsel, seeks relief under 28 U.S.C. § 2241, contending that his probation was unlawfully revoked in Dane County case No. 2015CF997. I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because § 2241 is not the right vehicle for Griffin to challenge his probation revocation.

BACKGROUND

The background is largely from my decision dismissing Griffin's related civil rights complaint. *Griffin v. Perez*, 25-cv-145-jdp, Dkt. 12. In 2015, Griffin was convicted of taking and driving a vehicle without consent in the '997 case. He was sentenced to two years initial confinement and two years of extended supervision, imposed and stayed for three years of probation.

In 2018, Griffin was charged and convicted in Cook County (Ill.) Circuit Court of being an armed habitual criminal and unlawful use of a weapon by a felon. *People v. Griffin*, 2022 IL App (1st) 190499, ¶ 1. The circuit court sentenced Griffin to eight years of imprisonment, and its judgment was affirmed on appeal. *Id.* The Supreme Court of Illinois denied Griffin's petition for review. *People v. Griffin*, 197 N.E.3d 1132 (Ill. 2022) (table). While his direct appeal was pending, Griffin filed a habeas corpus petition in the Cook County Circuit Court, which denied it. Dkt. 1-1 at 1. The Illinois appellate court granted Griffin's counsel's motion to dismiss the appeal because it raised no issue of legal merit, and it affirmed the dismissal. *Id.* Griffin then brought a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Illinois, which is pending. *Griffin v. Jones*, 24-cv-270 (N.D. Ill.).

In February 2025, Griffin's probation in the '997 case was revoked, in large part based on the conduct charged in the 2018 Cook County case. The administrative law judge (ALJ) imposed the sentence that was stayed in the 2015 Dane County case.

In his petition here, Griffin contends that his probation was unlawfully revoked because: (1) he's factually innocent of the conduct underlying his probation violation charge; (2) the ALJ relied on false testimony and evidence; (2) his probation ended in 2019; (3) his conviction in the Illinois case was voided in a mandamus action in that state. *See* Dkt. 1 at 3–4. Griffin seeks immediate release from confinement. *Id.* at 5.

ANALYSIS

A petition under 28 U.S.C. § 2254 is the proper vehicle for a petitioner in custody pursuant to a state judgment to challenge the judgment's constitutionality. *See* 28 U.S.C.

§ 2254(a); *see also Ewing v. Hayes*, No. 16-cv-275-jdp, 2016 WL 7266816, at *2 (W.D. Wis. Dec. 15, 2016) ("Ewing directly challenges the decision to revoke him . . . , [so] he should have filed a petition for a writ of habeas corpus pursuant to § 2254."). Griffin improperly filed the petition under § 2241.

I have discretion to treat a § 2241 petition as a § 2254 petition, but that would not be proper here. Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). To meet this requirement, the petitioner must complete the revocation proceedings and then present his claims at each level of review in the state-court system. *See Wilson*, 58 F.4th at 319; *Griffin v. Hafemann*, No. 15-cv-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015). Wisconsin allows review of probation revocation decisions by petition for writ of certiorari filed in the court of conviction. *Griffin*, 2015 WL 566593, *1. If unsuccessful, the petitioner must appeal the circuit court's decision to the state court of appeals and, if unsuccessful there, seek review in state supreme court. *Smith v. Benzel*, No. 23-cv-1405, 2024 WL 493288, at *1 (E.D. Wis. Jan. 25, 2024), *report and recommendation adopted*, 2024 WL 756072 (E.D. Wis. Feb. 23, 2024).

Griffin hasn't completed this process. His challenge to the ALJ's decision is pending before the regional commissioner. Dkt. 1 at 2. Griffin hasn't exhausted state-court remedies, so treating the petition as a § 2254 petition would be improper. Griffin can bring a § 2254 petition to challenge the constitutionality of his probation revocation in the future, but only if he has first exhausted his state-court remedies.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Keith Griffin's habeas petition, Dkt. 1, is DISMISSED as improperly filed.

2. The clerk of court is directed to enter judgment and close the case.

Entered March 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge